# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Wake Energy, LLC and (2) Wake Operating LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>(1) Devon Energy Production Company, L.P.<br><br>Defendant. | Case No. CIV-21-352-PRW |

## COMPLAINT

Plaintiffs Wake Energy, LLC and Wake Operating, LLC ("Plaintiffs"), on behalf of themselves and all others similarly situated, sets forth the following in support of their causes of action:

## JURISDICTION AND VENUE

1. Plaintiff Wake Energy, LLC ("Wake Energy") owns mineral interests located in Oklahoma.

2. Plaintiff Wake Operating, LLC ("Wake Operating") owns oil and gas leasehold, overriding royalty interest, and working interests located in Oklahoma.

3. A substantial portion of Plaintiffs' claims arose in Oklahoma counties located in the Western District of Oklahoma.

4. Defendant Devon Energy Production Company, L.P. ("Defendant") is an Oklahoma limited partnership conducting business in Oklahoma. Hereafter, Defendant refers to "Defendant and/or its affiliates."

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), because: (1) the number of putative class members is in excess of 100; (2) the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00; and (3) at least one member of the putative class is a citizen of a different state than that of Defendant. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b), because: (i) a substantial part of the events giving rising to Plaintiffs' claims occurred in this District; (ii) Defendant maintains a permanent business office within this District; and (iii) Defendant's designated resident agent is located within this District.

## GENERAL ALLEGATIONS

All allegations set forth in the paragraphs above are incorporated by reference.

6. Plaintiffs institute this action on behalf of themselves and as representatives of a class of all other individuals or entities similarly situated to Plaintiffs which are identified in the Class A and Class B definitions below (collectively referred to as "Class Members").

7. This action arises from Defendant's failure to properly pay royalty, overriding royalty, and working interest revenues ("Revenues") to Plaintiffs and Class Members who own interests in oil and gas wells which were owned and operated by Defendant during the production months of February 2021 to the present (the "Relevant Time").

8. Plaintiffs and Class Members own royalty, overriding royalty, and working interest throughout the State of Oklahoma in oil and gas wells which are owned and operated by Defendant during the Relevant Time ("Mineral Interests").

9. By virtue of various agreements, including but not limited to, oil and gas leases, pooling orders, participation agreements, marketing agreements, and other agreements ("Agreements"), Defendant is obligated to pay the Revenues to Plaintiffs and Class Members.

10. Defendant and its affiliates failed to pay Plaintiffs' and Class Members' Revenues on the actual price received by Defendant during the Relevant Time.

11. Upon information and belief, Defendant entered into various contractual arrangements designed to conceal the actual price Defendant received for the sale of hydrocarbons from the Subject Wells in order to retain the benefit of the higher natural gas prices that existed during the Relevant Time to the detriment of Plaintiffs and Class Members.

12. During the Relevant Time, Defendant had the right to drill, produce, and sell hydrocarbon production as the operator of wells located on leased and/or unitized premises within Oklahoma ("Subject Wells") and was obligated to pay Plaintiffs and Class Members proceeds from production therefrom.

13. Pursuant to the Agreements, Defendant is required to properly pay Plaintiffs' and Class Members' Revenues for natural gas produced and sold during the Relevant Time from the Subject Wells.

14. On or about February 15, 2021, Oklahoma and Texas were impacted by a weather event which brought freezing temperatures across both states for approximately two weeks. While the average per/MMBTU price in the months leading up to the Relative Time was approximately $2.50/MMBTU, the freezing February 2021 temperatures caused the price that Defendant received for natural gas to increase drastically, in some instances, exceeding $1,000.00/MMBTU.

15. Upon information and belief, Defendant received proceeds from the sale of hydrocarbons at these historic prices and failed to pay Plaintiffs and Class Members their proportionate share of the same amounts received by Defendant.

16. Upon information and belief, Defendant entered into various contractual arrangements in order to actively conceal from Plaintiffs and Class Members the actual price Defendant received for the volumes of gas sold from the Subject Wells during the Relevant Time.

17. Upon information and belief, Defendant failed to pay Plaintiffs' and Class Members' Revenues based on the actual natural gas prices received by Defendant from production from the Subject Wells during the Relevant Time and instead paid Plaintiffs and Class Members a lower price than the amount actually received by Defendant.

18. Pursuant to Defendant's express and implied duties under the Agreements, Defendant was required, but failed, to accurately, properly and timely report, account for, and distribute Revenues to Plaintiffs and Class Members.

19. Defendant failed to provide all required information on the revenue check detail sent to Plaintiffs and Class Members.

## **CLASS ACTION ALLEGATIONS**

The allegations set forth in the paragraphs above are incorporated by reference.

20. Plaintiffs bring this action as the representatives of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs propose the following class definition at this time:

> *Class A Definition.* All non-governmental royalty owners who own or owned mineral interests covering wells operated by Defendant in the State of Oklahoma and were entitled to receive Revenues from Defendant for the production month of February 2021.
>
> *Class B Definition.* All non-governmental working interest owners who own or owned working interests in wells operated by Defendant in the State of Oklahoma and were entitled to receive Revenues from Defendant for the production month of February 2021.
>
> *Exclusions.* The following are expressly excluded from the class definitions set forth above: (a) All agencies, departments or instrumentalities of the United States of America or the State of Oklahoma; and (b) Defendant, its affiliates, predecessors, officers, directors and employees.

21. Plaintiffs believe that the number of individuals or entities that qualify as Class Members under the proposed class definitions is so numerous that joinder of all members is impracticable.

22. The claims asserted by Plaintiffs, on behalf of themselves, present questions of law and fact that are common to all Class Members, including, but not limited to, those common questions related to Plaintiffs' asserted causes of action: (a) breach of contract/Oklahoma Production Revenue Standards Act; (b) actual and constructive fraud; (c) unjust enrichment; and (d) accounting.

23. Plaintiffs' claims and allegations are typical of the claims asserted on behalf of Class Members, and Defendant's anticipated defenses to Plaintiffs' claims are typical of the anticipated defenses, which will likely be asserted against Class Members as a whole.

24. Plaintiffs and Plaintiffs' counsel will fairly and adequately represent the interests of Class Members.

25. Plaintiffs have retained counsel with knowledge and experience in class action lawsuits.

26. Plaintiffs and Plaintiffs' counsel have no interests that conflict in any way with those of Class Members.

27. This action may be maintained as a class action because the prosecution of separate actions by individual Class Members will create a risk: (a) of inconsistent or varying adjudications with respect to individual Class Members which will establish incompatible standards of conduct for Defendant; or (b) that adjudications with respect to individual Class Members will as a practical matter be dispositive of the interests of the other Class Members not made parties to this action or will substantially impair or impede their ability to protect their interests.

28. This action may be maintained as a class action because the questions of law and fact that are common to Plaintiffs and Class Members predominate over any issues or questions affecting only individual members.

29. A class action is superior to all other available methods for the fair and efficient resolution of this controversy because:

a. The questions of law and fact are so substantially uniform across the Class and the damages suffered by individual Class Members would in many instances be relatively small, such that the financial burden on Class Members would make it impractical for them to pursue their own claims in individual actions against Defendant;

b. Judicial economy would be best served by maintenance of this action as a class action, because a class action will supplant the filing of numerous individual suits by Class Members in the absence of such an action;

c. The efficient and effective resolution of this controversy in a single forum without the need for a multiplicity of individual actions will best serve the interests of all parties involved in the present action;

d. Plaintiffs have no knowledge of any pending litigation involving any individual Class Members or Defendant relating to the allegations set forth herein;

e. There are no obstacles that would entirely, or even substantially, preclude the Court from managing this action as a class action;

f. The difficulties, if any, regarding the Court's effective and efficient management of this action as a class action will be slight in relation to the potential benefits to be realized by each and every Class Member; and

g. Lastly, many Class Members, if not all, may never discover Defendant's wrongful acts due to the technical and complex nature of the accounting methods employed in the oil and gas industry, and Defendant's almost exclusive access to the information relating to the claims asserted in this action. Thus, in the absence of a class action, Defendant will not only be unjustly enriched from its wrongdoings but also continue to profit off the ignorance of all unknowing Class Members.

## COUNT I
**BREACH OF CONTRACT/ OKLAHOMA PRODUCTION REVENUE STANDARDS ACT**

The allegations set forth in the paragraphs above are incorporated by reference.

30. Defendant failed to accurately, properly, and timely report, account for and distribute royalty payments and certain natural gas pricing information on which the royalty payments are based to Plaintiffs and Class Members for the gas produced and sold by Defendant during the Relevant Time from the Subject Wells.

31. Defendant's conduct constitutes a breach of the Agreements.

32. Defendant's breach is in violation of the Oklahoma Production Revenue Standards Act at 52 O.S. §§ 570.01, *et seq.* ("PRSA").

33. Upon information and belief, Defendant's acts were committed actually, knowingly, intentionally, willfully, and maliciously, or at least with reckless disregard for Plaintiffs' and Class Members' rights.

34. As a result, Plaintiffs and Class Members are entitled to recover both actual and punitive damages from Defendant, as well as, pre-judgment interest, post-judgment interest, attorney's fees, expert witness fees, costs, and expenses as permitted by law.

## COUNT II
### FRAUD (ACTUAL AND CONSTRUCTIVE)

The allegations set forth in the paragraphs above are incorporated by reference.

35. Defendant is required to disseminate certain information accompanying the Revenue payments to Plaintiffs and Class Members.

36. Defendant materially misrepresented to and/or actively concealed from Plaintiffs and Class Members certain natural gas pricing information related to the Defendant's production and sale of natural gas production from the Subject Wells during

the Relevant Time for which Defendant has a duty to disclose to Plaintiffs and Class Members under the PRSA.

37. Defendant materially and purposely deceived Plaintiffs and Class Members regarding the revenues that Defendant received from the sale of hydrocarbons from the Subject Wells which caused Plaintiffs' and Class Members' Revenues to be paid on a lesser amount than what Defendant received.

38. Plaintiffs and Class Members detrimentally relied upon Defendant's material misrepresentations, concealment, and deception by accepting the payments from Defendant on a lesser-than-owed amount, such that Defendant's misrepresentations, concealment, and deceit amount to fraud, both actual and constructive.

39. Upon information and belief, Defendant's fraudulent conduct was performed actually, knowingly, willingly, intentionally, and maliciously, or at a minimum with reckless disregard for the rights of Plaintiffs and Class Members.

40. As a result, Plaintiffs and Class Members are entitled to recover both actual and punitive damages from Defendant, as well as, pre-judgment interest, post-judgment interest, attorney's fees, costs, and expenses as permitted by law.

## COUNT III
### UNJUST ENRICHMENT

The allegations set forth in the paragraphs above are incorporated by reference.

41. Defendant's conduct has resulted in Defendant's withholding of Revenues owed to Plaintiffs and Class Members.

42. By choosing to pay Plaintiffs and Class Members less than the full amounts owed under the Agreements, Defendant has unfairly, improperly, and unreasonably received a benefit to the detriment and at the expense of Plaintiffs and Class Members.

43. As a result, Plaintiffs and Class Members are entitled to recover the value of the benefit conferred as damages, together with pre-judgment interest, post-judgment interest, attorney's fees, costs, and expenses as permitted by law.

## ADDITIONAL RELIEF
### ACCOUNTING

The allegations set forth in the paragraphs above are incorporated by reference.

44. Defendant, Plaintiffs, and Class Members are in a relationship whereby Defendant is required to pay Plaintiffs and Class Members the amounts owed under the Agreements based on the actual sales proceeds from production of the Subject Wells.

45. Defendant has a duty to properly report, account for, and distribute Plaintiffs' and Class Members' Revenues.

46. Defendant has almost exclusive control over and access to the information and formulation related to Plaintiffs' and Class Members' Revenue payments. Thus, Defendant is in the position to know whether the amounts it has paid to Plaintiffs and Class Members are accurate.

47. Accordingly, Plaintiffs demand an accounting regarding the natural gas produced from the Subject Wells, as well as the gathering systems and comparing said amounts to the amounts of gas sold by Defendant and amounts received by Defendant.

48.     Plaintiffs demand an accounting regarding other matters necessary to determine the accuracy of the revenues paid to Plaintiffs and Class Members on natural gas produced and/or sold during the Relevant Time. These other matters include, but are not limited to, production and sale prices of recovered natural gas and its constituents or components, such as residue gas, natural gas liquids (or heavier liquefiable hydrocarbons), gas condensate or distillate, and casinghead gas from the Subject Wells.

49.     To the extent that the accounting reveals underpayment and/or misleading information given to Plaintiffs and Class Members, Plaintiffs asks the Court to order Defendant to compensate Plaintiffs and Class Members by way of interest, attorney's fees, costs, and expenses associated with this action to recover all monies owed by Defendant to Plaintiffs and Class Members.

## PRAYER

WHEREFORE Plaintiffs, on behalf of themselves and Class Members, demand a judgment against Defendant and respectfully request that the Court:

a. Enter an Order certifying this action as a class;

b. Award Plaintiffs and Class Members actual and compensatory damages with prejudgment and post-judgment interest thereon in accordance with Oklahoma law;

c. Award Plaintiffs and Class Members punitive damages in accordance with 52 OS § 903;

d. Enter an Order disgorging from Defendant all monies and other valuable consideration Defendant received as a result of having been unjustly enriched to the detriment of Plaintiffs and Class Members;

e. Enter an Order requiring Defendant to provide an accounting as set forth above; and

    f.  Award Plaintiffs and Class Members attorney's fees, costs, and expenses, together with such further relief, as the Court deems equitable and proper.

                                           Respectfully submitted,

Dated: April 16, 2021.              By:  /s/ Travis P. Brown
                                                Travis P. Brown, OBA #20636
                                                Lincoln C. Hatfield, OBA #32005
                                                J. Matt Hill, OBA #33532
                                                Scott R. Verplank, OBA #34041
                                                Micah L. Adkison, OBA #33107
                                                **MAHAFFEY & GORE, P.C.**
                                                300 N.E. 1st Street
                                                Oklahoma City, OK 73104-4004
                                                Telephone: (405) 236-0478
                                                Facsimile:  (405) 236-1840
                                                tbrown@mahaffeygore.com
                                                lhatfield@mahaffeygore.com
                                                mhill@mahaffeygore.com
                                                sverplank@mahaffeygore.com
                                                madkison@mahaffeygore.com

**ATTORNEY'S LIEN CLAIMED**           **ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**