## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Wake Energy, LLC and Wake Operating LLC, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| vs. | ) ) | Case No. CIV-21-352-PRW |
| Devon Energy Production Company, L.P., | ) ) | |
| *Defendant*. | ) ) | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## TO QUASH SUBPOENA

Defendant Devon Energy Production Company, L.P. ("Devon") moves the Court under Federal Rule of Civil Procedure 45(d)(3) and LCvR45.1(b) for a protective order quashing the subpoena Plaintiffs issued to third party KPMG LLP ("Subpoena") [Doc. No. 46-1].[1] The Subpoena seeks documents and communications in KPMG's possession regarding Devon's production and sale of natural gas from the Anadarko Basin. *See generally id.* KPMG is the external auditor of Devon's indirect parent company, Devon Energy Corporation ("DEC"). *See* Ex. 1, Sherrer Decl. ¶ 3. As a result, any responsive communications or other documents in KPMG's possession would have been made or obtained in connection with KPMG's auditing of certain of DEC's financial statements.

---

[1] It is Devon's understanding that Plaintiffs inadvertently caused the Subpoena to be served on KPMG LLP the same day it was issued, instead of waiting at least seven days as required by LCvr45.1(a). It is also Devon's understanding that Plaintiffs have remedied or intend to remedy this by notifying KPMG not to respond to the Subpoena pending resolution of this motion.

The requested documents are therefore protected from disclosure by Oklahoma's accountant-client privilege. *See* 12 Okla. Stat. § 2502.1. In addition, Plaintiffs are engaged in the proverbial fishing expedition because the Subpoena is facially overbroad and seeks unnecessary information. Accordingly, the Court should quash the Subpoena.

<u>**Arguments and Authorities**</u>

**A.   Devon has standing to challenge the Subpoena.**

The Court should quash a subpoena when it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Although a party generally lacks standing to challenge a subpoena issued to a third party, a party does have standing "where the challenging party asserts a personal right or privilege with respect to the materials subpoenaed." *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (citations omitted). *See also Francis v. APEX USA, Inc.*, No. CIV-18-583-SLP, 2020 WL 13094070, at *3 (W.D. Okla. May 11, 2020) (holding that a party "whose [privacy] right or privilege *is in jeopardy*" has standing to file a motion to quash) (citation omitted) (emphasis original). Further, even when standing is lacking, "a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests." *Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021) (citation omitted). *See also* Fed. R. Civ. P. 26(b)(2)(C) (stating that "[o]n motion or on its own,

the court must limit the . . . extent of discovery . . . if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)").[2]

Here, Devon possesses standing to move for a protective order to quash the Subpoena because it facially seeks information protected by the accountant-client privilege and because Devon's privacy rights are implicated. The Subpoena, on its face, seeks broad categories of information and documents related to Devon's and DEC's communications with KPMG, KMPG's audits of DEC, and Devon's and DEC's private financial data. As a result, Devon has standing to challenge the Subpoena.

**B.   State law applies to issues of privilege.**

The Federal Rules of Civil Procedure limit discovery "any **nonprivileged** matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Although the federal discovery rules do not define "privilege," a court "must apply the same rules of privilege to discovery as it applies at trial." *Biliske v. Am. Life Stock Ins. Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977) (citations omitted). *See also Reeg v. Fetzer*, 78 F.R.D. 34, 36 (W.D. Okla. 1976) ("The privilege referred to in Rule 26(b) . . . means privilege as determined by the rules of evidence.") (citation omitted).

To this end, the Federal Rules of Evidence provide that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule

---

[2] "It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b)." *Francis*, 2020 WL 13094070, at *3 (citations omitted) (cleaned up).

3

of decision." Fed. R. Evid. 501. *See also Frontier Refin., Inc. v. Gorman-Rupp Co.*, Inc., 136 F.3d 695, 699 (10th Cir. 1998) (citing Rule 501 and applying Wyoming attorney-client privilege law because "state law supplies the rule of decision on privilege in diversity cases"); *Buffington v. Gillette Co.*, 101 F.R.D. 400, 404 (W.D. Okla. 1980) ("Under Rule 501 . . . a federal district court exercising diversity jurisdiction must apply the law of privilege which would be applied by courts of the forum state.") (citations omitted); Wright & Miller, 23A *Fed. Prac. & P. Evid.* § 5433 (1st ed., Apr. 2022 update) ("The state law proviso [in Rule 501] requires the application of the state law of privileges, except where the proof is directed to an issue that is governed by federal law.").

Because Plaintiffs' claims arise from Oklahoma substantive law and this Court is sitting in diversity,[3] the Court is required to apply Oklahoma's privilege law.[4]

---

[3] The Class Act Fairness Act, under which Plaintiffs have invoked this Court's jurisdiction, is a creature of diversity jurisdiction that "loosened the requirements for diversity jurisdiction for two types of cases—'class actions' and 'mass actions.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

[4] Devon is aware that another court has ruled that Oklahoma's accountant-client privilege statute, 12 Okla. Stat. § 2502.1, is inapplicable in federal court. *See Jeter Enloe v. Bulleye Energy, Inc.*, No. 12-CV-411-TCK-PJC, 2016 WL 6610809, at *3 (N.D. Okla. Aug. 11, 2016). Devon respectfully disagrees, however, with the magistrate judge's non-precedential ruling in that case. The *Jeter* order does not examine or even cite Rule 501's explicit directive and only cites to case law discussing whether state privilege law applies to **federal criminal** proceedings or civil claims based on **federal** statutes, *see id.*, both of which fall out of the ambit of Rule 501's state law proviso. Moreover, a court in this district has explicitly contemplated and applied (before rejecting based on a statutory exception) an Oklahoma privilege, the physician-patient privilege, which isn't found in federal law. *See Buffington*, 101 F.R.D. at 403–05. In a civil case like this one, Congress has decreed that Oklahoma law governs both the substantive claim and the existence of any privilege. *See* Fed. R. Evid. 501.

4

**C.**   **The Subpoena should be quashed because it seeks information protected by the accountant-client privilege.**

Oklahoma statute provides that an accounting client, such as Devon here, "has a privilege to refuse to disclose, and to prevent any other person or entity from disclosing, the contents of confidential communications with an accountant when the other person or entity learned of the communication because the communications were made in the rendition of accounting services to the client." 12 Okla. Stat. § 2502.1(B). The privilege further extends to "other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice." *Id.*

The Subpoena is directed at KPMG, DEC's external auditor,[5] and the information provided by Devon or DEC and communications with KPMG relevant to the Subpoena relate to the accounting services and advice offered by KPMG pursuant to its audits of DEC's records. Specifically, the Subpoena seeks:

> **Request for Production No. 1**: Produce all documents evidencing, in any way, the Anadarko Basin Gas Production.

> **Request for Production No. 2**: Produce all communications concerning, in any way, the Anadarko Basin Gas Production.

> **Request for Production No. 3**: Produce all documents evidencing, in any way, DEPCO's proceeds from gas sales for the Anadarko Basin Gas Production.

---

[5] KPMG and its employees meet the definition of "accountant," which statute defines as "a certified public accountant (CPA) or a public accountant," 12 Okla. Stat. § 2502.1(A)(1), because KPMG was engaged to audit certain of DEC's financial statements.

> **Request for Production No. 4**: Produce all communications concerning, in any way, DEPCO's proceeds from the gas sales for the Anadarko Basin Gas Production.

> **Request for Production No. 5**: Produce all documents and communications upon which KPMG relied for its audit of the 2021 Anadarko Basin production gas volumes found on the DEPCO Securities and Exchange Commission Form 10-K filing for the fiscal year ending December 31, 2021 table at Page 10.

Doc. No. 46-1, p.3. Request for Production Nos. 2, 4, and 5 seek "communications" between KPMG, and such communications are explicitly protected by Oklahoma statute. 12 Okla. Stat. § 2502.1(B) ("A client has a privilege to refuse to disclose . . . the contents of confidential communications with an accountant . . . ."). As a result, those Requests facially seek information protected from disclosure by Oklahoma statute, and the Court should quash those Requests.

Further, Requests for Production No. 1, 3, and 5 seek other documents and information in KPMG's possession related to proceeds from gas sales from the Anadarko Basin and production volumes from the Anadarko Basin. These Requests also seek information protected by 12 Okla. Stat. § 2502.1. The "proceeds from sales" (*i.e.*, revenue received from selling gas) necessarily implicates confidential accounting data provided by DEC or Devon to KPMG as a part of KMPG's audit of DEC's financial statements. *See* Ex. 1, Sherrer Decl. ¶ 4. Thus, Request for Production No. 3 seeks documents protected by the accountant-client privilege statute. 12 Okla. Stat. § 2502.1(B) ("This privilege includes **other confidential information obtained by the accountant from the client** for the purpose of rendering accounting advice.") (emphasis added). Similarly, production volume data from the Anadarko Basin is provided to

KPMG as part of its audit of DEC. *See* Ex. 1, Sherrer Decl. ¶ 6. Thus, this information is likewise protected under 12 Okla. Stat. § 2502.1(B). In short, every category of documents sought by the Subpoena is privileged.

### D.   The Subpoena is facially overbroad.

Beyond the fact that the Subpoena seeks privileged information protected by Oklahoma statute, the Subpoena is also facially overbroad and amounts to the proverbial fishing expedition. The Requests for Production each seek "all" documents or communications "evidencing," "concerning," or "upon which KPMG relied" for broad swaths of information. Plaintiffs cannot even define with reasonable particularity what it is they seek and instead want KPMG to search for nondescript documents and information, akin to fishing with dynamite. Such discovery requests are facially improper. *See, e.g.*, *Ward v. Liberty Ins. Corp.*, No. CIV-15-1390-D, 2018 WL 991546, at *3 (W.D. Okla. Feb. 20, 2018) (finding subpoena overly broad and unenforceable because it used omnibus phrases such as "all documents indicating," "all documents regarding," and "pertaining to"); *Perez v. El Tequila*, No. 12-CV-588-JED-PJC, 2014 WL 5341766, at *1 (N.D. Okla. Oct. 20, 2014) ("[O]mnibus discovery requests seeking all documents 'referring to, concerning, relating to . . .' are unlikely to be enforced by this Court. They are generally too vague and overbroad on their face and do not describe with 'reasonable particularity' what is being sought."); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197–98 (D. Kan. 1996) ("Use of omnibus phrases . . . often make interrogatories overly broad and unduly burdensome on its face. Such phrases often require

7

the answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive.").

Further, KPMG audits financial statements for all of DEC, which includes myriad wells, production, activities, and time periods not at issue in this lawsuit, including oil and gas production from numerous other states. The Subpoena is not temporally limited to the single month at issue in this lawsuit. And although the Subpoena purports to inquire about only information pertinent to the "Anadarko Basin," the Subpoena's omnibus request for "all documents" or "all communications" "concerning in any way" gas production and sales for the Anadarko Basin necessarily sweeps in vast swaths of information concerning other assets and activities not at issue in this case. Plaintiffs have absolutely no reason to discover financial and production information about DEC's activities outside of Oklahoma or outside the month of February 2021. Disentangling the Oklahoma- and temporally-specific information from that broader information may be no small feat.

Moreover, Plaintiffs' apparent fixation on the production volumes reported by DEC for gas produced from the Anadarko Basin is misplaced. As previously explained to Plaintiffs' counsel in written discovery responses and otherwise,[6] comparing those reported volumes to the data Devon has produced in this case like comparing apples

---

[6] Plaintiffs' counsel and Devon's counsel met and conferred on April 29, 2022, regarding, among other things, the perceived discrepancy between the public filings and the actual data produced by Devon. Despite this discussion, and Devon's counsel's representations to try to provide additional information to alleviate Plaintiffs' concerns that the data Devon produced is not accurate, Plaintiffs instead filed the Notice of Subpoena on May 5, 2022—a mere six days after that meeting.

to oranges. *See* Ex. 2, Devon's Obj. & Ans. to Pls. Interrog. No. 16. Among other points, the data reported on Devon's Form 10-Q for the first quarter of February 2021 represents estimated daily averages of Devon's share of natural gas produced from all wells in the Anadarko Basin in which Devon owns a working interest. It is not limited to only Oklahoma wells that Devon operates (as is the proposed class here, Doc. No. 1, ¶ 20), nor does it reflect the amount of production attributable to interest owners other than DEC (*i.e.*, the owners who make up the proposed class). Thus, the Form 10-Q volumes do not match the volumes of gas reflected in the documents produced by Devon in this case because the volumes reported on the Form 10-Q are not the same as the volumes of gas at issue in this case. Plaintiffs are chasing a red herring.

Plaintiffs' Subpoena is irredeemably flawed and should be quashed.

## Conclusion

Plaintiffs' Subpoena to KPMG seeks communications and documents protected by the accountant-client privilege recognized under Oklahoma statute, and the Subpoena is so facially overbroad that it is irredeemable. As a result, the Court should enter a protective order quashing the Subpoena.

## Certificate of Conference

The undersigned counsel certifies in accordance with LCvR37.1that it conferred with Plaintiffs' counsel in good faith to resolve the present dispute, but a resolution could not be reached prior to filing this motion.

Submitted on May 12, 2022.

*/s/ Patrick L. Stein*
Timothy J. Bomhoff, OBA No. 13172
Patrick L. Stein, OBA No. 30737
Cole McLanahan, OBA No. 33566
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
405-235-9621
405-235-0439 (FAX)
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com
cole.mclanahan@mcafeetaft.com

**Attorneys for Defendant Devon Energy Production Company, L.P.**

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Travis P. Brown
Lincoln C. Hatfield
J. Matt Hill
Scott R. Verplank
Micah L. Adkison
MAHAFFEY & GORE, P.C.
300 N.E. 1st Street
Oklahoma City, OK 73104-4004
tbrown@mahaffeygore.com
lhatfield@mahaffeygore.com
mhill@mahaffeygore.com
sverplank@mahaffeygore.com
madkison@mahaffeygore.com

**Attorneys for Plaintiffs**

*/s/ Patrick L. Stein*
Patrick L. Stein