IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Wake Energy, LLC and Wake Operating LLC, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>vs.<br><br>Devon Energy Production Company, L.P.,<br><br>   *Defendant*. | Case No. CIV-21-352-PRW |

**DEFENDANT DEVON ENERGY PRODUCTION COMPANY, L.P.'S RESPONSES TO PLAINTIFF, WAKE ENERGY, LLC'S, SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Defendant, Devon Energy Production Company, L.P. ("DEPCO"), responds to Plaintiff Wake Energy, LLC,'s ("Wake") Second Set of Interrogatories, Requests for Production, and Requests for Admission (the "Discovery Requests") as follows:

**Introductory Conditions and Objections
Applicable to All Discovery Requests**

The following objections and conditions qualify each and every response of DEPCO to each of Plaintiffs' discovery requests, and are incorporated by this reference into each and every response of DEPCO to such discovery requests, as if set forth fully therein.

1. **Objection to Producing Privileged Documents.** DEPCO objects to each of Plaintiffs discovery requests to the extent that they call for the disclosure of information which is protected from discovery and/or privileged for the reason that it (a) is subject to the attorney-client privilege; (b) is covered by the "work product" immunity doctrine; (c)

was generated in anticipation of litigation or for trial by or for DEPCO or its representatives, including its attorneys, consultants or agents; (d) relates to the identity or opinions of experts who have been retained or employed in anticipation of litigation and who are not expected to be called as witnesses at trial; (e) is protected as a trade secret and/or is subject to restrictions or restraints on DEPCO's ability to produce a copy of the same without threat of legal liability to a third party holding certain rights or interests with respect to the requested information; (f) is subject to an existing or future protective or confidentiality agreement or order; and/or (g) is otherwise privileged or beyond the scope of discovery under applicable rules and laws. DEPCO will produce for the Plaintiff, in the reasonable future, a list of any documents which are withheld from the documents that are produced for the Plaintiff under a claim of attorney-client privilege and/or work product immunity, except that it would be unduly burdensome for DEPCO to provide a privilege log reflecting communications with and materials prepared by or at the direction of outside counsel after commencement of this lawsuit.

2.      **Limited Effect of Responses.** By responding to the discovery requests of the Plaintiff, DEPCO concedes neither the relevancy nor the admissibility of any information provided or documents produced in response to such requests. The production of information or documents in response to a specific discovery request does not constitute an admission that such information is probative of any particular issue in this case. Any indication that inspection will be permitted as requested does not necessarily mean that documents of the type requested actually exist or that any such documents are in DEPCO's possession, custody or control. Such an indication means only that, subject to all conditions

and objections set forth in these responses, and subject to the terms of any applicable protective order or confidentiality order entered in this or any other case, inspection will be permitted at a time and place mutually agreeable to the parties, to the extent DEPCO has been able to locate responsive documents.

3. **Subject to Confidentiality Agreement and Agreed Protective Order.** DEPCO's responses to Plaintiffs discovery requests are specifically made subject to the terms and provisions of any confidentiality agreement and/or protective order entered by the Court in this action.

4. **Interrogatories.** Where the answer to any Interrogatory may be derived by the Plaintiff by reviewing documents to be produced, and the burden of deriving that answer is substantially the same for the Plaintiff as for DEPCO, DEPCO reserves the right, as to each such Interrogatory, to refer Plaintiff to the documents being produced.

5. **Subject to Supplementation.** The Plaintiff served the subject discovery requests at the inception of this lawsuit at just about the earliest possible period allowed by law. DEPCO reserves the right to supplement and/or revise these responses to Plaintiffs discovery requests as additional information is identified and as additional analysis of the claims in this lawsuit occurs in the course of this litigation.

6. **Timing and Form of Production.** DEPCO will produce static documents in Bates-labelled, multi-page PDFs. Spreadsheets, presentations, database files, and the like will be produced in native format with a Bates-labelled cover page. Such documents will either be produced as they are kept in the ordinary course of business or DEPCO will specify to which request they are responsive when producing. Emails and related ESI will

be produced as single-page, Bates-stamped TIFF files along with corresponding load files. DEPCO anticipates it will begin producing the documents described below beginning the week of January 24, 2022, and that production will continue on a rolling basis thereafter.

7. DEPCO objects to Plaintiffs' instructions to the extent they purport to impose obligations on DEPCO beyond those required by the Federal Rules of Civil Procedure.

8. DEPCO objects to Plaintiffs' instructions to the extent they purport to define DEPCO, "Defendant," or "Devon" to include persons or entities who are not parties to this case, including DEPCO's affiliates. DEPCO is the only Defendant named in this lawsuit. None of DEPCO's affiliates are party to this case. The below Discovery Responses are made on behalf of DEPCO only.

9. This is a putative class action. No class has been certified by the Court. DEPCO objects to the Discovery Requests to the extent they seek information not relevant and proportional to Plaintiffs' individual claims or whether the proposed class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

10. Certain of Plaintiffs' document requests purport to require the electronic search, review, and production of emails and related ESI. Particularly given the pre-certification phase of this case, DEPCO objects to performing broad, terms-and-connectors searches against emails and related ESI. However, DEPCO is willing to conduct reasonably limited searches of specific custodians' emails and related ESI for review and production of responsive documents, if any. DEPCO is willing to negotiate in good faith regarding such search parameters to see if an agreement might be reached.

11. Plaintiffs' definition of "Subject Wells" is objectionable because it is unbounded in time and is not limited to only wells that produced natural gas. DEPCO's reference(s) to "Subject Wells" below contemplates only Oklahoma oil and gas wells from which DEPCO produced and sold natural gas during February 2021.

12. Plaintiffs' definition of "Class Member" is objectionable because Plaintiffs' proposed class is not ascertainable. Tying the proposed class definition to persons allegedly "entitled to receive Revenues" renders it not reasonably ascertainable.

Subject to the foregoing Objections and Qualifications, and subject to the specific objections made with respect to individual discovery requests, DEPCO responds to the discovery requests as follows:

## Interrogatories

**Interrogatory No. 14:** Identify all entities which are unaffiliated with You that purchased residue gas from You for production from the production month of February 2021.

**Objections**: This interrogatory is facially overbroad and seeks information not relevant to the claims and defenses in this case and not relevant to the class certification issues presently before the Court to the extent it seeks identification of persons other than those who purchase gas produced by DEPCO in Oklahoma in February 2021. This request is further unduly burdensome and cumulative to the extent it is requesting DEPCO to synthesize documents previously produced for Plaintiff's use in litigation. This interrogatory is further objectionable to the extent it purports to define DEPCO as including its affiliates or to otherwise ignore the existence of separate legal entities.

**Response**: Subject to the foregoing general and specific objections, DEPCO states that the only affiliated entity that purchased DEPCO's gas production in February 2021 was Devon Gas Services, L.P. ("DGS"). The remaining purchasers identified in DEPCO 00000108 are unaffiliated with DEPCO.

To the extent Plaintiff is inquiring as to those who purchase residue gas from DGS, DEPCO directs Plaintiff to DEPCO 00007301 and states that all of the purchasers identified therein are unaffiliated with DEPCO.

**Interrogatory No. 15:** Identify all royalty and working interest owners to whom you paid for the production from the production month of February 2021.

**Objections**: This interrogatory is facially overbroad and seeks information not relevant to the claims and defenses in this case and not relevant to the class certification issues presently before the Court to the extent it seeks identification of persons who were not interested in Oklahoma wells in February 2021. This request is cumulative of information produced in response to Interrogatory No. 4. This interrogatory is further objectionable because the names and contact information of proposed class members—who are not parties to this lawsuit unless or until a class is certified—are not relevant to the whether a class can be certified under Rule 23 of the Federal Rules of Civil Procedure.

**Answer**: Subject to the foregoing general and specific objections, DEPCO directs Plaintiff to the spreadsheets previously produced as DEPCO 00001175 and DEPCO 00001176.

**Interrogatory No. 16:** Describe in detail how the Q1 2021 Anadarko Basin Production Volumes were calculated, derived, and shown on Devon Energy Corporation's Form 10-

Q for the quarterly period ended March 31, 2021. (A copy of that document can be found here: https://dl8m0p25nwr6d.cloudfront.net/CIK-0001090012/4822eed7-7d3a-4366-92b7-21c5f3a01369.pdf)

**Objections**:  This interrogatory is overbroad and seeks irrelevant information as the volumes reflected on the referenced quarterly SEC filing are not comparable to the volumes of production at issue in this lawsuit, which is limited to February 2021 gas production from Oklahoma wells operated by DEPCO. The referenced 10Q includes volumes from both operated and non-operated wells. The referenced 10Q includes months that contain known actual volumes and months which were still estimates and accruals estimates and accruals based on known information as of March 31, 2021. The gas volumes reflected in the referenced 10Q relate only to Devon's interests. Comparing the volumes reflected on the referenced 10Q to the volumes reflected in the data produced by DEPCO in this case is like comparing apples to oranges.

Further, this interrogatory is irrelevant to whether a class should be certified, which is the issue presently before the Court. Further, this interrogatory seeks information cumulative of the gas volume information reflected in pay detail and sales volume data previously produced. This interrogatory is also overbroad, vague, and confusing in that it requests DEPCO "describe in detail" how its indirect parent company "calculated, derived, and showed" volumes of gas production for purposes of federal securities reporting. To the extent such information is relevant, which it is not, such detailed explanations are better obtained via deposition testimony than written interrogatory answers. Further, the link provided in the interrogatory is broken.

**Answer**: Subject to the foregoing general and specific objections, DEPCO states that the gas production volumes from the Anadarko Basin reported on the referenced SEC Form 10Q are estimates of the volume of gas attributable to Devon's interests in wells producing from within the Anadarko Basin, rounded to the nearest MMcf per day. The daily average volume of gas shown on the referenced Form 10Q reflects a daily average of the volume of gas produced from wells in the Anadarko basin over the time period of January 1, 2021 through March 31, 2021. The volume data was taken from DEPCO's production and accounting database(s) at the time needed to make the required SEC disclosure.

**Interrogatory No. 17**: Explain how You calculated and paid royalties to royalty interest owners for the Subject Wells' February 2021 production.

**Objections**: This request is vague, ambiguous, overbroad, and unduly burdensome in that it asks for an explanation of a broad topic. Such explanation appears to be better suited for deposition testimony than interrogatory answer. Without further specificity, DEPCO does not know where to begin answering this interrogatory. In addition, this interrogatory is facially overbroad and unduly burdensome to the extent it requests DEPCO specify how each royalty payment for February 2021 Oklahoma gas production was computed. This interrogatory is further overbroad and irrelevant to the extent it inquires about the treatment of cost deductions or other matters not raised in Plaintiff's Complaint or relevant to the class certification issues before the Court.

**Answer**: Subject to the foregoing general and specific objections, DEPCO pays royalties on natural gas produced in Oklahoma to royalty owners according to the terms of

Submitted on January 18, 2022.

*/s/ Patrick L. Stein*
Timothy J. Bomhoff, OBA #13172
Patrick L. Stein, OBA No. 30737
Cole B. McLanahan, OBA No. 33566
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone: 405-235-9621
Facsimile: 405-235-0439
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com
cole.mclanahan@mcafeetaft.com

**Attorneys for Defendant Devon Energy Production Company, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, a copy of the foregoing discovery responses were mailed to the following counsel:

Travis P. Brown
Lincoln C. Hatfield
J. Matt Hill
Scott R. Verplank
Micah L. Adkison
Mahaffey & Gore
300 N.E. 1st Street
Oklahoma City, Oklahoma 73104

*Attorneys for Plaintiffs*

/s/ Patrick L. Stein
Patrick L. Stein